UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAZARO MALDONADO BAUTISTA; et al., | Nos. 25-7958, 26-1044 |
| Petitioners - Appellees, | D.C. No. 5:25-cv-01873-SSS-BFM Central District of California, Riverside |
| v. | ORDER |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; et al., | |
| Respondents - Appellants. | |

Before: McKEOWN, BEA, and BRESS, Circuit Judges.

The United States has filed an emergency motion seeking a stay pending appeal of two district court orders. First, the United States seeks a stay pending appeal of the district court's December 18, 2025 class certification order and declaratory judgment. *See* D. Ct. Dkt. Nos. 93 & 94. Second, the United States seeks a stay pending appeal of the district court's February 18, 2026 post-judgment order vacating *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *See* D. Ct. Dkt. No. 116. We previously granted an administrative stay of these orders. *See* Case No. 26-1044, Dkt. No. 5. We heard oral argument on the government's stay motion on March 30, 2026. We now grant the government's motion to stay both

orders pending appeal, as set forth below. *See Nken v. Holder*, 556 U.S. 418, 426 (2009) (articulating factors for stays pending appeal).[1]

1. The government has made a strong showing that it is likely to succeed on its position that the district court exceeded its jurisdiction in certifying a nationwide class. Petitioners' claims for relief sound in habeas. *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam). Petitioners alleged that the government's application of § 1225(b)(2)(A) "unlawfully mandates their continued detention and violates the INA" and its implementing regulations, seeking a declaration that the government's "policy and practice of denying consideration for bond" is contrary to law. D. Ct. Dkt. No. 15, Am. Compl. 26, 27, 31. The district court similarly granted relief on the ground that the "continued detention of Plaintiff Petitioners and those similarly situated was unlawful." D. Ct. Dkt. No. 116, at 5.

Analogous to *J.G.G.*, petitioners' claims for relief associated with their mandatory detention "'necessarily imply the invalidity' of their confinement" under § 1225(b)(2)(A). 604 U.S. at 672 (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). The claims therefore must be brought in habeas proceedings in the appropriate district of confinement. *See id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Petitioners' characterization of their claims as merely challenging

---

[1] The government does not seek a stay based on the merits of its interpretation of 8 U.S.C. § 1225(b)(2)(A). That issue remains pending before this court in *Rodriguez Vazquez v. Hermosillo*, No. 25-6842, and we do not address it here.

the procedures attendant to their detention is contrary to *J.G.G.*  *Compare id.* (explaining that detainees' claims fall within the "core" of habeas "[r]egardless of whether the detainees formally request release from confinement"), *with id.* at 685–86 (Sotomayor, J., dissenting) (relying on a similar procedural framing as do petitioners here).

2.      The government has also shown a likelihood of success on its position that the district court lacked jurisdiction to vacate the BIA's decision in *Yajure Hurtado*.  A district court "may not alter or expand upon the judgment" once a case is on appeal.  *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000).  The district court issued its final judgment on December 18, 2025, and the government filed an appeal to the Ninth Circuit the same day.  *See* D. Ct. Dkt. Nos. 94 & 95.  Before the final judgment and corresponding appeal, the district court had refused petitioners' request to vacate *Yajure Hurtado* because petitioners "failed to include any request to vacate the BIA's decision" in their Amended Class Action Complaint.  D. Ct. Dkt. No. 92, at 5–6.  The district court explained that "[t]o tack on a new subject of relief without proper amendment would bypass Federal Rule of Civil Procedure 15."  *Id.* at 6.  Under these circumstances, the district court's February 18, 2026 post-judgment order vacating *Yajure Hurtado* impermissibly expanded upon the judgment.  In addition, the district court issued its post-judgment order "to effectuate the Final Judgment," D. Ct. Dkt. No. 116, at 14–15, which itself exceeded the court's

26-1044

habeas jurisdiction for the reasons explained above. Because the nationwide class certification order and final judgment are infirm, the contingent post-judgment order fails for this further reason.

3. The remaining *Nken* factors favor the government. *See* 556 U.S. at 426. The nationwide scope of the district court's decision has created uncertainty in other district courts outside the Ninth Circuit, which are separately considering the government's mandatory detention policy under § 1225(b)(2)(A). *Cf. Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025). In addition, any harm to petitioners is lessened by the fact that they can seek habeas relief in their districts of confinement.

For the foregoing reasons, we grant the government's motion for a stay pending appeal of (1) the district court's December 18, 2025 class certification order and final judgment, insofar as they extend beyond the Central District of California, D. Ct. Dkt. Nos. 93 & 94, and (2) the district court's February 18, 2026 post-judgment order vacating *Yajure Hurtado*, D. Ct. Dkt. No. 116. The district court's December 18, 2025 judgment remains in place as to the Central District of California.